IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

**ENTERED**
**06/18/2013**

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CURTIS COLTON BAY, | ) | CASE NO. 13-80149-G3-13 |
| | ) | |
| Debtor, | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held an evidentiary hearing on its Order
to Show Cause (Docket No. 13) directed to Debtor's counsel of
record, Glynda Stowers.  The court's Order to Show Cause
addresses events regarding Debtor's seeking and obtaining
representation by counsel in the instant case.  The following are
the Findings of Fact and Conclusions of Law of the court.  A
separate Judgment will be entered, on the court's Order to Show
Cause, in light of the participation in the instant case by
Glynda Stowers.  The court will also issue additional Orders to
Show Cause directed to other individuals who have participated
indirectly in the instant case.  To the extent any of the
Findings of Fact are considered Conclusions of Law, they are
adopted as such.  To the extent any of the Conclusions of Law are
considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Curtis Colton Bay ("Debtor") determined that he wanted
to consider filing a bankruptcy case.  Debtor received

information from his mother regarding a web site, at the address http://texasbkfirm.com.  Debtor visited the web site, and obtained a telephone number.  Debtor called the telephone number, and spoke with someone named Elizabeth.

Debtor testified that he does not know Elizabeth's last name.  He testified that Elizabeth told him that she would take information from him, put the information into a means test to determine whether Debtor should file a case under Chapter 7 or Chapter 13, and file the case.

On April 11, 2013, Debtor received several emails from someone named Jasmine, who identified herself in the signature block of her emails as "Jasmine Firm Support," with an email address showing the domain name "firmsupportstaff.com."  (U.S. Trustee Exhibit 20).

Debtor also received emails from individuals named Mason, Melissa, and Kelly, all from the same domain of "firmsupportstaff.com."  (U.S. Trustee Exhibit 20).

Debtor testified that he spoke by telephone to Mason, Kelly, and one other individual, named Rebecca.  Debtor identified Mason as the "case manager" for his case, and Kelly as the "office manager."

Debtor testified that, to his knowledge, no one at the firm is an attorney.  He testified that various members of the

firm discussed with him his eligibility to file a case under Chapter 7 or Chapter 13, and his choice of exemptions.

The petition in the instant case was filed on April 11, 2013. The petition identified Glynda Stowers as Debtor's counsel. The petition bears an electronic representation of Stowers' signature. (Docket No. 1, at p. 2-3).

Attached to the petition was a "Disclosure of Compensation of Attorney for Debtor." The disclosure identifies Stowers as Debtor's attorney, and reflects that she has agreed to accept $899 for services rendered or to be rendered to the Debtor in the instant case. The disclosure states in part: "I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm." The disclosure of compensation bears an electronic representation of Stowers' signature. (Docket No. 1, at p. 31).

Debtor testified that he did not meet with Stowers, or communicate with her in any way, prior to the filing of the petition in the instant case.

Debtor testified that he did not sign the petition in the instant case in ink. He testified that he electronically authorized his signature to be done. He testified that he believed it was Mason whom he had authorized to put his electronic signature on the petition.

3

Stowers testified that, beginning in November, 2012, she entered into an arrangement with an organization calling itself Texas Bankruptcy Firm, or Texas BK Firm. She testified that Kelly James Robbennolt is in charge of the organization. She testified that Robbennolt is not an attorney. She testified that Robbennolt is located in Utah. She testified that Robbennolt works with an attorney named Richard Dwyer, from Mountain View, California. She testified that Dwyer referred cases to her.

Stowers testified that Debtor did not meet or consult with herself, or with Dwyer, prior to the filing of the instant case. She testified that Debtor had telephone conversations with Kelly Robbennolt prior to the filing of the case.

Stowers testified that an attorney named Christopher Stephens works with Robbennolt in Utah. Stowers testified that she believes that Stephens does the initial telephone interviews with clients. This testimony is not credible, in light of Debtor's testimony that his initial interview was conducted by Elizabeth.

Stowers testified that none of Dwyer, Stephens, Robbennolt, or the other members of the "Texas BK Firm" are members or associates of her firm.

Stowers testified that she provided her login and password information to this court's electronic case filing

system to the Texas BK Firm, in order to allow the firm to file cases listing her as the attorney of record.  She testified that she believes one employee of the firm, Jasmine, had access to her login and password information.

Stowers testified that she was contacted by Robbennolt during 2012, to set up the arrangement with the firm.  She testified that, under the arrangement, she was to be paid $185, when she attended the meeting of creditors in each case.  She testified that she was not to receive any further compensation with respect to the cases filed under the arrangement.  She testified that the balance of the fee ($899 for a Chapter 7 case, or $1,250 for a Chapter 13 case) was to be paid to the firm.

Stowers testified that the determination of what exemptions were to be claimed was made by someone at the "Texas BK Firm," whom she presumes to be Stephens.  She testified that she believes Stephens enters property lists into a computer program, which then chooses the correct exemptions.

Stowers testified that she is listed as the attorney of record on approximately 51 bankruptcy cases filed in the Southern District of Texas since November, 2012.  She testified that each of those cases was filed by the Texas BK Firm, without her ever having consulted with her clients.  She testified that nine of the cases were Chapter 13 cases.  She testified that, among the nine Chapter 13 cases, only one of the debtors made a payment on

a Chapter 13 plan.  She testified that one debtor may have made
one or two payments, but that that Debtor's case has been
dismissed with prejudice.

Stowers testified that she did not take any bankruptcy
classes in law school.  She testified that she cannot recall
whether she has had continuing legal education regarding
bankruptcy.

The records of the State Bar of Texas reflect that
Glynda Stowers is licensed to practice in Texas.  Stowers
testified that she has been licensed to practice in Texas since
1992.

The records of the State Bar of Texas reflect that
neither Dwyer nor Stephens is licensed to practice law in Texas.[1]

This court takes judicial notice that the United States
Bankruptcy Court for the Eastern District of Oklahoma has
enjoined Kelly James Robbennolt and Mason Schau from engaging in
conduct which violates 11 U.S.C. § 110 in any and all federal
jurisdictions, in Richard A. Wieland, United States Trustee, v.
Kelly Robbennolt, et al., (Docket No. 24, Adversary No. 11-8022,
Bankr. E.D. Okla.).[2]

_____

[1]The records of the California Bar indicate that Dwyer is
licensed to practice in California.  The records of the Utah Bar
indicate that Stephens is licensed to practice in Utah.

[2]The injunction also enjoined a Barbara Miller from
undertaking such activities.  None of the evidence presented so
far in the instant case indicates that Debtor communicated with

6

Both Stowers and Debtor testified that the firm refunded the $400 paid by Debtor to him.  Debtor testified that he also paid the filing fee in the instant case, but that the filing fee has not been refunded to him.[3]

Debtor testified that he did not obtain the prepetition briefing required by Section 109(h)(1) of the Bankruptcy Code before the instant case was filed.  He testified that, after the case was filed, Stowers notified him that his case was to be dismissed.  He testified that, notwithstanding that communication, the firm made an unauthorized debit to his account.[4]

Stowers testified that, on April 26, 2013, she severed her relationship with the "Texas BK Firm."  She testified that she has voluntarily stopped filing Chapter 13 cases.  She testified that she intends to limit her bankruptcy practice to Chapter 7 until she is capable of handling Chapter 13 cases on her own.  She believes that she is capable of handling Chapter 7 cases, in light of her filing of two Chapter 7 cases before she started allowing the "Texas BK Firm" to file cases for her.[5]

_____

Barbara Miller.

[3]The filing fee in the instant case was $281.00.

[4]The money has since been refunded to Debtor.

[5]One of the previous cases was Stowers' own Chapter 7 case.  In a second case, she was listed as counsel.  Stowers asserts that she also filed a Chapter 7 case on behalf of Cindy Dowdell.

7

<u>Conclusions of Law</u>

In the instant case, Stowers violated provisions of the Bankruptcy Code, Bankruptcy Rules, and the court's Administrative Procedures.

Section 504 of the Bankruptcy Code prohibits an attorney receiving compensation from sharing that compensation with someone who is not a member, partner, or regular associate in the attorney's firm.  11 U.S.C. § 504.  Stowers violated Section 504 by sharing fees with the "Texas BK Firm."

Under Section 526 of the Bankruptcy Code, an attorney for a consumer debtor is considered to be a debt relief agency. A debt relief agency shall not, <u>inter alia</u>:

> (3) misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to -
>
> > (A) the services that such agency will provide to such person; or
> >
> > (B) the benefits and risks that may result if such person becomes a debtor in a case under this title; or

11 U.S.C. § 526(a)(3).

> Under Section 526(c)(2):
>
> (2) Any debt relief agency shall be liable to an assisted person in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and

---

However, the court's records do not indicate that she was counsel of record in Dowdell's case.

costs if such agency is found, after notice and a hearing, to have -

(A) intentionally or negligently failed to comply with any provision of this section, section 527, or section 528 with respect to a case or proceeding under this title for such assisted person;

(B) provided bankruptcy assistance to an assisted person in a case or proceeding under this title that is dismissed or converted to a case under another chapter of this title because of such agency's intentional or negligent failure to file any required document including those specified in section 521; or

(C) intentionally or negligently disregarded the material requirements of this title or the Federal Rules of Bankruptcy Procedure applicable to such agency.

11 U.S.C. § 526(c)(2).

In the instant case, Stowers violated the provisions of Sections 526, 527, and 528 of the Bankruptcy Code, by failing to provide certain notices to Debtor, execute a contract with Debtor in writing, and by indirectly representing to Debtor, through the acts of the "Texas BK Firm," that Debtor was making the correct choices with respect to under which chapter the case should proceed, and Debtor's choice of exemptions. However, the only evidence as to actual damages is that Debtor received a refund of the fees paid to the "Texas BK Firm" and/or Stowers, and has not incurred damages other than the filing fee in the instant case.

9

The court concludes that Stowers is liable to Debtor for the $281 filing fee in the instant case.[6]

The Administrative Procedures for the Filing, Signing, and Verifying of Documents by Electronic Means in Texas Bankruptcy Courts ("Administrative Procedures") provide in pertinent part:

> No person shall knowingly utilize or cause another person to utilize the password of an Electronic Filer unless such a person is an authorized agent of the Electronic Filer.

(Administrative Procedures, Para. III.B.2.).

None of the persons at the "Texas BK Firm" were members of Stowers' firm.  They were not her authorized agents.  Thus, Stowers violated the Administrative Procedures by allowing the "Texas BK Firm" to use her login and password information for the court's ECF system.

Additionally, the Administrative Procedures require that:

> [D]ocuments which contain the original signature of any party other than the Electronic Filer, other than a Declaration for Electronic Filing as referenced above, shall be retained by the Electronic Filer for a period of not less than five (5) years after the case or adversary proceeding is closed and, upon request, such original document must be provided to the Court or other parties for review.

(Administrative Procedures, Para. III.B.4.).

---

[6]This conclusion is without prejudice to the right of Debtor or the United States Trustee to seek further relief, on the filing of an appropriate adversary proceeding.

In the instant case, although Debtor was required to sign documents, including the petition and schedules, Stowers did not retain documents with an original signature, in violation of the Administrative Procedures.

Bankruptcy Rule 9011 provides in part that every petition and other paper shall be signed by an attorney of record.  By signing the petition or other paper, the attorney is certifying that:

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>>
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>>
>> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Bankruptcy Rule 9011(a).

It is axiomatic that an attorney cannot represent anything, to the best of the person's knowledge, information, and

belief, formed after an inquiry reasonable under the
circumstances, when the attorney has not communicated with the
client.  In the instant case, Stowers did not meet with Debtor,
and did not communicate with him, prior to the filing of the
case.  The court concludes that Stowers allowed her signature to
be placed on the petition and disclosure of compensation in the
instant case, in violation of Bankruptcy Rule 9011(a).

Bankruptcy Rule 9011(c)(2) addresses the nature of the
sanction to be imposed for violation of Bankruptcy Rule 9011(a).
It provides in pertinent part:

> A sanction imposed for violation of this rule shall be
> limited to what is sufficient to deter repetition of
> such conduct or comparable conduct by others similarly
> situated.  Subject to the limitations in subparagraphs
> (A) and (B), the sanction may consist of, or include,
> directives of a nonmonetary nature, an order to pay a
> penalty into court, or, if imposed on motion and
> warranted for effective deterrence, an order directing
> payment to the movant of some or all of the reasonable
> attorneys' fees and other expenses incurred as a direct
> result of the violation.

Bankruptcy Rule 9011(c)(2).[7]

In the instant case, Stowers' actions violating
Bankruptcy Rule 9011 indicate that she is unfamiliar with her
obligations, both as an attorney representing debtors in
bankruptcy, and as an authorized electronic filer in this court.
The court finds that the appropriate sanctions in the instant

---

[7]The limitations in subparagraphs (A) and (B) are not
implicated in the instant case.

12

case are to 1) cancel Stowers' privileges to file documents
electronically in this court; she may apply again to become an
authorized electronic filer when she has completed an additional
training course on the court's electronic filing system; 2)
enjoin Stowers from filing any bankruptcy petitions on behalf of
clients until she has completed 15 hours of continuing legal
education in the area of consumer bankruptcy, at least three
hours of which must be in the area of ethics; and 3) requiring
Stowers to withdraw from representing the Debtors in all cases
pending before the undersigned United States Bankruptcy Judge.[8]
In determining these sanctions, the court takes into
consideration the subsequent remedial measures undertaken by
Stowers, including her severance of her relationship with the
"Texas BK Firm," and her forthright testimony regarding the
procedures used when the "Texas BK Firm" was filing cases listing
her as counsel of record.

       In addition to the sanctions assessed against Stowers,
the conduct of this case raises serious issues regarding the

---

[8]The court has consulted the ECF system, and it appears that
Stowers was counsel in the following open cases before this
judge, in addition to the instant case, as of June 14, 2013:

Case No. 13-31483-H3-13, Edna Jean McDaniel
Case No. 13-80032-G3-7, Jone Yandell Miller
Case No. 13-80076-H3-7, Nicholas Adam Moore and Robin Ashley
Moore.

Stowers shall seek to withdraw, refund any fees received in those
cases, and assist those clients in obtaining other counsel.

activities of the "Texas BK Firm," and its employees or actors, including Kelly James Robbennolt, Richard Dwyer, Mason Schau, and Christopher Stephens.  By separate order, the court will order Robbennolt, Dwyer, Schau, and Stephens to appear and show cause why they should not be held in contempt of court, and why the court should not make referrals to appropriate agencies regarding their conduct in the instant case.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on June 18, 2013.


LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

14